United States District Court
for the
Southern District of Florida

| Med-X Global, LLC, Plaintiff, | ) |
| --- | --- |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-20722-Civ-Scola |
| | ) |
| SunMed International, LLC and others, Defendants. | ) |

**<u>Order on Defendant's Motion to Dismiss</u>**

This matter is before the Court on Defendant SunMed International LLC's motion to dismiss the Plaintiff's complaint for improper venue. (ECF No 19.) The Plaintiff has responded (ECF No. 21) and the Defendant has replied, albeit untimely (ECF No. 22). Having considered the record, the parties' submissions, and the applicable law, the Court **denies** the Defendant's motion. (**ECF No. 19**.)

**I.  Background**

This action arises out of the purchase of an international travel insurance policy by a British citizen, L.H., from Defendant Union Reiserersucherung Aktiengesellschaft ("Union"), a German company. (Second Am. Compl. at ¶¶ 4, 12, ECF No. 15.)  Plaintiff Med-X Global, LLC ("Med-Ex") is a medical billing agency which services foreign insurance companies by providing medical billing and payment services. (ECF No. 15 at ¶ 2.) Med-X is a New Jersey limited liability company and its members are also New Jersey citizens. (*Id.*)

In February 2018, LH's health failed while traveling in Mexico. (*Id.* ¶ 16.) Defendant SunMed International, LLC ("SunMed"), a medical expense management company and administrator, arranged for L.H.'s hospitalization at Amerimed Hospital in Mexico. (*Id.* at 17.) During L.H.'s hospitalization, L.H. had to undergo surgery. (*Id.* at ¶ 19.) On March 7, 2018, L.H. was flown back to the United Kingdom. (*Id.* at ¶ 21.)

According to the complaint, the same day that L.H. was transported back to the United Kingdom, Med-X, serving as Amerimed's billing agent, was advised by SunMed that Defendant Cost Containment would now be handling the claim. (*Id.* at ¶ 22.) Med-X cooperated with Cost Containment's documentation and information requests in an effort to resolve the outstanding claim. (*Id.* at ¶ 23.) The total amount claimed by Amerimed for services provided to L.H. is $863,749.65. (*Id.* at ¶ 24.) According to the Plaintiff's allegations, the Defendants have only conceded coverage of about $123,220.64. (*Id.* at ¶ 24 n. 3.) Med-X, as Amerimed's billing agent, is now seeking recovery from the Defendants for the

full amount billed during L.H.'s stay at Amerimed Hospital. Med-X has named six defendants, each involved in this complex insurance and billing scheme. The only United States defendant is SunMed.

## II. Legal Standard

"On a motion to dismiss based on improper venue, the plaintiff has the burden of showing that venue in the forum is proper." *Wai v. Rainbow Holdings,* 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004) (Altonaga, J.) (citations omitted). In evaluating a motion to dismiss for improper venue, the court "may consider matters outside the pleadings such as affidavit testimony." *Id.* The court "must accept all allegations of the complaint as true, unless contradicted by the defendants' affidavits, and when an allegation is so challenged the court may examine facts outside of the complaint to determine whether venue is proper." *Id.* Here, the Defendant moves to dismiss the complaint on the basis of international comity, a forum selection clause, and *forum non conveniens*.

"A defendant has the burden of persuasion as to all elements of a *forum non conveniens* motion, including the burden of demonstrating that an adequate alternative forum is available." *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001). In undertaking a *forum non conveniens* analysis, a court must first consider whether the proposed alternative forum is available and adequate. *See Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001). "An alternative forum is 'available' to the plaintiff when the foreign court can assert jurisdiction over the litigation sought to be transferred." *Id.* An alternative forum is adequate so long as it "offers at least some relief." *Id.*

If the court finds that the alternative forum is both available and adequate, the court must then evaluate both the public and private interests involved in retaining the case. *Leon*, 251 F.3d at 1311. Private interests include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of the premises, . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive." *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1100 (11th Cir. 2004) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)). Public interests include the administrative burden imposed upon the court, the imposition of jury duty on the citizens of a community, and the "local interest in having localized controversies decided at home." *Id.*

"[T]he plaintiffs' choice of forum should rarely be disturbed unless the balance is strongly in favor of the defendant." *Id.* (internal quotation marks omitted). A court must "require positive evidence of unusually extreme circumstances, and should be thoroughly convinced that material injustice is

manifest before" denying a United States citizen or resident access to the courts of this country. *La Seguridad v. Transytur Line*, 707 F.2d 1304, 1308 n.7 (11th Cir. 1983). "[A] foreign plaintiff's choice deserves less deference." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981).

## III. Analysis

The Defendant moves to dismiss the complaint for improper venue on three grounds: (1) international abstention; (2) *forum non conveniens*; and (3) a forum selection clause. The Court addresses each argument in turn.

### A. International Abstention

The Defendant moves to dismiss the Plaintiff's complaint based on the theory of international abstention. According to the Defendant, "a Mexican government agency has already begun reviewing the debt owed to Amerimed[.]" (ECF No. 19 at 5.) The Plaintiff, however, has submitted documentation to the Court indicating that the Mexican proceeding has concluded. (ECF No. 21-2.) Upon careful review, the Court finds that it would be improper for the Court to abstain from exercising jurisdiction where there is no parallel proceeding in a foreign jurisdiction.

"Federal courts have a 'virtually unflagging obligation' to exercise the jurisdiction conferred upon them. Nevertheless, in some private international disputes the prudent and just action for a federal court is to abstain from the exercise of jurisdiction." *Turner Entm't Co. v. Degeto Film GmbH*, 25 F.3d 1512, 1518 (11th Cir. 1994). "Abstention is an exception, not the rule, and therefore should not be taken lightly." *Rivera de Chavon Dev. Grp. SRL v. Diaz*, No. 11-20662, 2011 WL 5825770, at *3 (S.D. Fla. Nov 17, 2011) (King, J.) (citing *Turner*, 25 F.3d at 1518). "The Eleventh Circuit has identified three factors in determining whether a Court should exercise its discretion and abstain from a case pending the conclusion of parallel international litigation: (1) international comity; (2) fairness to litigants; and (3) efficient use of scarce judicial resources." *Id.*

Here, the Court need not address each of these factors because there is no parallel international litigation. In support of the opposition to the motion to dismiss, the Plaintiff attached what appears to be the final disposition from the Procuraduria Federal del Consumidor (Office of the Federal Prosecutor for the Consumer or PROFECO) in Mexico. (ECF No. 21-2.) The report indicates that the Mexican agency concluded its review of the matter without ruling on the merits. "[T]his authority determined that a third party is involved, and because that third party is an insurer and as such this [agency] does not conciliate with insurers nor is it a faculty of the [agency]." (*Id.* at 2.) The agency also stated that "the

conciliatory phase is now considered exhausted and the rights of the parties are safeguarded so that they can be enforced in the manner that best suits their interests, the file is turned over to the General Archive as concluded, closing this case at 09:37 hours of the day in which it is enacted." (*Id.* at 2-3.) It appears the administrative review process in Mexico has concluded and the parties are free to enforce their claims as they see fit. Accordingly, international comity and respect for foreign proceedings would not be served by dismissing this case in favor of a non-existent proceeding in Mexico.

### B. Forum Non Conveniens

The Defendant next moves to dismiss the complaint based on the doctrine of *forum non conveniens.* (ECF No. 19 at 5.) "A defendant has the burden of persuasion as to all elements of a *forum non conveniens* motion, including the burden of demonstrating that an adequate alternative forum is available. Availability and adequacy warrant separate consideration." *Leon,* 251 F.3d at 1311. If the court finds that the alternative forum is both available and adequate, the court must then evaluate both the public and private interests involved in retaining the case. *Id.* "[A] defendant invoking *forum non conveniens* bears a heavy burden in opposing the plaintiff's chosen forum. The presumption in favor of a plaintiff's choice of forum is particularly robust, and a defendant's burden is therefore substantially elevated, where the plaintiff is a U.S. citizen." *Matthews v. Whitewater W. Indus. Ltd.*, No. 11-24424, 2012 WL 1605184, at *5 (S.D. Fla. May 8, 2012) (Altonaga, J.). District courts in the Eleventh Circuit "require positive evidence of *unusually extreme circumstances,* and should be thoroughly convinced that *material injustice is manifest* before exercising any such discretion as may exist to deny a United States citizen access to the courts of this country." *Id.* (citations omitted) (emphasis in original).

In the instant case, the Defendant has not met its burden. The Defendant's motion does not address the availability or adequacy of alternative forums. Instead, the motion merely suggests that Mexico or the United Kingdom would be "perfectly equipped" to handle the matter. (ECF No. 19 at 6-7.) Moreover, the Defendant asserts that the witnesses and evidence are not located in Florida but does not provide any evidence to support this argument. (*Id.* at 6.) In order to sustain its burden, the Defendant is required to present affidavits and "positive evidence" to support its claims, which it has failed to do.[1] *See Matthews,* 2012

---

[1] Indeed, the Defendant filed its reply one day late and alluded to an affidavit that would be filed in support of its position. (ECF No. 22 at ¶ 4.) This affidavit was filed over two months later, on August 1, 2019. (ECF No. 25.) The Defendant did not seek leave to file this affidavit or request an extension of time to file its

WL 1605184 at *5-*6 (discussing the defendants' affidavits identifying witnesses they intend to call at trial and the location of the evidence required in the case). Because the Plaintiff is a U.S. citizen, the Defendant is required to put forth evidence of "unusually extreme circumstances and show that material injustice will result if the Court retains jurisdiction." *Id.* at *14. The Court finds that the Defendant has not met this burden and therefore denies the motion to dismiss on the basis of *forum non conveniens.*

### C. Forum selection clause

The Defendant also moves to dismiss the complaint based on the existence of a forum selection clause in the insurance contract between L.H. and Union. (ECF No. 19 at 7.) In response, the Plaintiff argues that the forum selection clause does not apply to Med-X and is permissive rather than mandatory. (ECF No. 21 at 5-10.) Although the Defendant does not cite or quote the forum selection clause in its motion to dismiss or explain to the Court why it compels dismissal, the Court will briefly address this argument. (*Id.*)

"An action is only subject to dismissal based on a forum selection clause if the import of the language of the clause as a whole is to provide a particular court or courts with exclusive jurisdiction, although the clause need not include the world 'exclusive.'" *Wai*, 315 F. Supp. 2d at 1270. "[F]ederal courts distinguish between 'mandatory' and 'permissive' forum selection clauses." *Snapper, Inc. v. Redan*, 171 F. 3d 1249, 1262 n. 24 (11th Cir. 1999) (citations omitted). Accordingly, courts require "quite specific language before concluding that a forum selection clause is mandatory, such that it dictates an exclusive forum for litigation under the contract." *Id.* Moreover, courts "refuse to dismiss a suit or transfer an action to the stated forum when the clause is deemed permissive." *Id.*

In *Wai,* the forum selection clause at issue stated that "parties hereby agree to submit [to] the jurisdiction of the Courts of Singapore." *Wai,* 315 F. Supp. 2d at 1265. The Court found that this clause was permissive because "[t]here was no exclusive language in the clause precluding the parties from bringing covered claims in other courts." *Id.* at 1272. The court also held that because the clause was "ambiguous in this regard" it was "subject to the reasonable interpretation that the parties merely agreed that any objections to jurisdiction in Singapore by either of them would be barred if a covered claim were brought in the Singapore courts." *Id.*

---

reply. Because of the Defendant's disregard for the Court's deadlines, the Court will not consider the late-filed reply and affidavit.

Here, the forum selection clause states: "If we are required to do so, we can . . . Submit any dispute arising out of this contract to the exclusive jurisdiction of the courts of the country that you live in within the United Kingdom and Channel Islands." (ECF No. 15-1 at 7.) "We" is defined as Union and "you" is defined as "any person on a trip whose name appears on the policy schedule and for whom the appropriate premium has been paid. . . ." (*Id.*) The Court finds that this clause is permissive in that it grants Union the right to choose whether it will bring a claim in the United Kingdom. While the insured or "you" has waived any right to contest jurisdiction in the United Kingdom, the clause does not waive jurisdiction in another forum. *See Wai,* 315 F. Supp. 2d at 1272. Because the clause does not specify that both parties have agreed that the United Kingdom will have exclusive jurisdiction to adjudicate disputes arising from the contract, the clause is permissive. The motion to dismiss on the basis of the forum selection clause is denied.

## IV. Conclusion

Accordingly, the Defendant's motion to dismiss **(ECF No. 18**) and amended motion to dismiss are **denied**. (**ECF No. 19.)** SunMed's answer to the Plaintiff's Second Amended Complaint is due on or before **August 22, 2019**.

Med-X filed a "Notice to the Court Regarding Status of Serving Overseas Defendants" and informed the Court that it would not be serving the international Defendants until the Court's resolution of the motion to dismiss because of the expense and resources required to serve through the Hague Convention. (ECF No. 20.) Now that the Court has ruled on the motion to dismiss, the Court **orders** the Plaintiff to file a status report by **August 29, 2019** regarding the status of service upon the international Defendants.

**Done and ordered** at Miami, Florida, on August 8, 2019.

_____
Robert N. Scola, Jr.
United States District Judge