United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Med-X Global, LLC, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-20722-Civ-Scola |
| SunMed International, LLC and others, Defendants. | ) |

**Order on Motion to Dismiss**

This matter is before the Court on Defendants Travel Insurance Facilities, PLC ("TIF"), Cost Containment Facilities, Ltd. ("Cost Containment"), and Citybond Holdings, Ltd.'s ("Citybond") motion to dismiss for lack of personal jurisdiction. (ECF No 48.) After the motion was filed, Plaintiff Med-X Global ("Med-X") voluntarily dismissed without prejudice its claims against Cost Containment and Citybond. (ECF Nos. 51, 52.) The Plaintiff has responded to TIF's arguments (ECF No. 56) and TIF has replied. (ECF No. 60). Having considered the record, the parties' submissions, and the applicable law, the Court **grants** the TIF's motion to dismiss. (**ECF No. 48**.)

**1.    Background**

This action arises out of the purchase of an international travel insurance policy by a British citizen, L.H., from Defendant Union Reiserersucherung Aktiengesellschaft ("Union"), a German company. (Second Am. Compl. at ¶¶ 4, 12, ECF No. 15.) Plaintiff Med-X Global, LLC ("Med-Ex") is a medical billing agency which services foreign insurance companies by providing medical billing and payment services. (ECF No. 15 at ¶ 2.) Med-X is a New Jersey limited liability company, and its members are also New Jersey citizens. (*Id.*) Defendant SunMed, a Florida company, is a medical expense management company for international insurance companies. (*Id.* at ¶ 3.) The complaint alleges that SunMed's members are Kinyi Harber and Juan Vasquez, Florida citizens. (*Id.*) SunMed was serving as a third-party administrator for Defendant International West Indies Assistance ("IWIA"). (*Id.*) IWIA, a French company, is an insurer third-party agent who the Plaintiff claims was partially or entirely responsible for claim payment in this case. (*Id.* at ¶ 8.)

In February 2018, L.H.'s health failed while traveling in Mexico. (*Id.* ¶ 16.) Defendant SunMed arranged for L.H.'s hospitalization at Amerimed Hospital in Mexico. (*Id.* at 17.) During L.H.'s hospitalization, L.H. had to undergo surgery. (*Id.* at ¶ 19.) On March 7, 2018, L.H. was flown back to the

United Kingdom. (*Id.* at ¶ 21.)

According to the complaint, the same day that L.H. was transported back to the United Kingdom, Med-X, serving as Amerimed's billing agent, was advised by SunMed that Defendant Cost Containment, a company in the United Kingdom, would now be handling the claim. (*Id.* at ¶ 22.) Cost Containment is an agent of Defendant TIF. (*Id.* at ¶¶ 7, 22.) TIF is a travel insurance underwriting agency out of the United Kingdom and TIF was a representative of Union, the insurer. (*Id.* at ¶ 6.)

Med-X cooperated with Cost Containment's documentation and information requests in an effort to resolve the outstanding claim. (*Id.* at ¶ 23.) The total amount claimed by Amerimed for services provided to L.H. is $863,749.65. (*Id.* at ¶ 24.) According to the Plaintiff's allegations, the Defendants have only conceded coverage of about $123,220.64. (*Id.* at ¶ 24 n. 3.) Med-X, as Amerimed's billing agent, is now seeking recovery from the Defendants for the full amount billed during L.H.'s stay at Amerimed Hospital.

SunMed moved to dismiss the complaint for improper venue. (ECF No. 19.) The Court denied that motion and allowed the Plaintiff's claims against SunMed to proceed. (ECF No. 26.) Defendants TIF, Cost Containment, and Citybond later moved to dismiss for lack of personal jurisdiction. (ECF No. 48.) Med-X voluntarily dismissed its claims against Cost Containment and Citybond, and thus the only remaining issue is whether the claims against TIF should be dismissed for lack of personal jurisdiction.

## 2.     **Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a claim against it by asserting the defense of lack of personal jurisdiction. In the case of a non-resident defendant, such as TIF, a federal court may properly exercise personal jurisdiction only if the requirements of (1) the relevant state long-arm statute; and (2) the Due Process Clause of the Fourteenth Amendment to the United States Constitution are both satisfied. *See Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999); *see also Nordt v. Colina Ins. Ltd.*, No. 17-21226-CIV, 2017 WL 4225550, at *1–2 (S.D. Fla. Sept. 22, 2017) (Altonaga, J.).

"A plaintiff seeking to obtain jurisdiction over a non-resident defendant initially need only allege sufficient facts to make out a prima face case of jurisdiction." *Posner*, 178 F.3d at 1214. "The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits." *Peruyero v. Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1286 (S.D. Fla. 2014) (Cooke, J.) (citing *Consol. Dev. Corp. v. Sherritt, Inc.*, 216

F.3d 1286, 1291 (11th Cir. 2000)). If a plaintiff pleads sufficient facts to support the exercise of personal jurisdiction, the burden then shifts to the defendant to make a prima facie showing of the inapplicability of the state's long-arm statute. *See Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (per curiam).

If the defendant satisfies its burden, the burden then shifts back to the plaintiff to "substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Id.* (citation omitted). "The district court must construe all reasonable inferences in the light most favorable to the plaintiff when dealing with conflicting evidence." *Peruyero*, 83 F. Supp. 3d at 1287 (citing *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 810 (11th Cir. 2010)) (other citation omitted).

### 3. Analysis

TIF argues that this Court should dismiss the claims against it because it does not have personal jurisdiction over it. TIF challenges personal jurisdiction because it is a foreign corporation with its principal place of busines in the United Kingdom and because none of the Plaintiff's claims arise from TIF's conduct in the United States. (ECF No. 48 at 2.) TIF advances the affidavit and supplemental affidavit of its employee Jonathan Phillips in support of its motion and reply. (ECF Nos. 48-1, 60-1.) In opposition, Med-X argues for the first time that this Court can exercise personal jurisdiction over TIF because SunMed is TIF's agent, which "places TIF squarely in Florida for all personal jurisdictional intents and purposes—SunMed is out of Miami." (ECF No. 56 at 4.) Med-X claims that "somewhere in the Claim delegation chain," TIF delegated its job of deciding and indemnifying insurance claims to SunMed. (*Id.*) In support of this contention, Mex-X attached a fax correspondence from SunMed to AmeriMed. (ECF No. 56-1.)

Florida's long-arm statute recognizes two kinds of personal jurisdiction over defendants: specific jurisdiction and general jurisdiction. *See* FLA. STAT. § 48.193. It is not apparent from the face of the second amended complaint whether Med-X asserts general or specific jurisdiction over TIF. Because Med-X did not respond to TIF's argument challenging general jurisdiction and instead relied exclusively on *Nordt*, which only analyzes specific jurisdiction, the Court understands Med-X to claim specific jurisdiction. *See Nordt*, 2017 WL 4225550 at *2 n. 1 ("By failing to respond to Defendant's arguments general jurisdiction does not apply, the Court concludes Plaintiff has conceded the point."); *Hartford Steam Boiler Inspection & Ins. Co. v. Brickellhouse Condo. Ass'n, Inc.*,

No. 16-CV-22236, 2016 WL 5661636, at *3 (S.D. Fla. Sept. 30, 2016) (Gayles, J.) (determining the plaintiff "implicitly condede[d]" a point by failing to address the defendant's abstention argument in response to a motion to dismiss (alteration added)).

### A. Principles of Specific Jurisdiction

A non-resident defendant may be subject to specific personal jurisdiction under Florida's long-arm statute if the claim asserted against the defendant arises from its forum-related contacts and if those contacts fall in one of the nine enumerated categories listed under section 48.193(1)(a), Florida Statutes. *See Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x. 786, 790 (11th Cir. Mar. 28, 2017) (per curiam); *Hard Candy, LLC v. Hard Candy Fitness, LLC*, 106 F. Supp. 3d 1231, 1239 (S.D. Fla. 2015) (Altonaga, J.). These acts include: "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state." FLA. STAT. 48.193(1)(a)(1) (alteration added).

To establish that a defendant is "engaging in a business or business venture" in Florida requires, "the activities of the defendant … be considered collectively and show a general course of business activity in the state for pecuniary benefit." *Hard Candy*, 106 F. Supp. 3d at 1239. The Court also considers the presence or operation of a Florida office, possession of licenses to do business in Florida, the number of Florida clients, the revenue from Florida business, and the extent of marketing and advertising in Florida. *Nordt*, 2017 WL 4225550 at *3 (citing *Horizon Aggressive Growth, L.P. v. Rothstein–Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005)).

### B. Application of Florida's Long-Arm Statute

The second amended complaint alleges that TIF, a foreign company, "was a specialist travel insurance underwriting agency out of the United Kingdom," and "TIF was a representative of Union." (ECF No. 15 at ¶ 6.) TIF retained Cost Containment Facilities, Ltd., as its agent. (*Id.* at ¶ 7.) SunMed, the third-party administrator for IWIA, informed Med-X that Cost Containment would now be handling the claim for medical services provided to the insured. (*Id.* at ¶ 22.)

Med-X attempts to survive the motion to dismiss by arguing, for the first time, that this Court has jurisdiction over TIF because SunMed, a Florida company with an office in Miami, was TIF's agent and thus jurisdiction exists under the "agency in the state," provision of the long-arm statute. (ECF No. 56 at 4.) This argument is unpersuasive because it is inconsistent with the allegations in the operative complaint and the record is otherwise devoid of any

evidence supporting Med-X's new argument.

Under Florida law, "[t]he existence of a true agency relationship depends on the degree of control exercised by the principal. Generally, a contractor is not a true agent where the principal controls only the outcome of the relationship, not the means used to achieve that outcome." *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 629 (11th Cir. 1996); *see also In re Takata Airbag Prod. Liab. Litig.*, 396 F. Supp. 3d 1101, 1141 (S.D. Fla. 2019) (Moreno, J.) (denying specific jurisdiction under long-arm statute because "[a]t best, Plaintiffs allege—again conclusory, and in the limited context of certain state law implied warranty claims—they had "sufficient direct dealings with either Defendants or its agents (dealerships) to establish privity of contract."); *Atmos Nation LLC v. Alibaba Grp. Holding Ltd.*, No. 0:15-CV-62104-KMM, 2016 WL 1028332, at *4 (S.D. Fla. Mar. 15, 2016) (Moore, J.) (declining to exercise specific jurisdiction over alleged parent company "because that entity has no involvement with the operation of or control over the Alibaba Platforms; does not process, service, or manufacture any goods listed for sale; and has had only *de minimis* contacts with Florida wholly unrelated to the sale of portable vaporizers.").

Here, Med-X has failed on all fronts and its reliance on *Nordt* is misplaced. In *Nordt*, the Court considered whether it could exercise personal jurisdiction over a foreign insurance company. *Nordt*, 2017 WL 4225550, at *3. The Court found that Nordt had alleged sufficient facts to establish a prima facie case of personal jurisdiction. *Id.* at *3-4. The complaint alleged that the foreign insurance company authorized its agent to approve Nordt's request to perform medical services on the insured in Miami-Dade County. *Id.* at *3. The burden then shifted to the defendant insurance company which submitted sufficient evidence challenging the purported agency relationship, shifting the burden back onto Nordt. *Id.* at *4. Nordt submitted evidence that the insurance company and its agent communicated via email regarding Florida claims and that the insurance company paid Nordt for medical services performed in Florida with checks linked to a Miami-Dade bank account. *Id.* The Court found that Nordt had advanced sufficient facts to support long-arm jurisdiction over the foreign insurance company. *Id.* The Court relied on the fact that foreign insurer had previously provided coverage in Florida and paid out claims for covered risks in Miami-Dade County. *Id.*

The facts of this case are distinguishable. First, Med-Ex has failed to show an agency relationship between SunMed and TIF. The operative complaint claims that TIF's involvement in this case was only through its relationship with Cost Containment—not SunMed. (ECF No. 15 at ¶ 7.) Additionally, the second amended complaint alleges that SunMed is the agent

of IWIA, "who (at least here) was partially or entirely responsible for claim payment." (*Id.* at ¶ 8.) The response in opposition does not fare any better in clarifying their relationship for purposes of personal jurisdiction. The response vaguely argues that "somewhere in the Claim delegation chain," TIF delegated certain authority to SunMed related to "claim handling and decision making." (ECF No. 56 at 3-4.) There is no basis for this delegation anywhere in the record. In its opposition, Med-X cites to a fax correspondence dated February 11, 2018 to support its agency theory. (ECF No. 56-1.) Mex-X notes that at the bottom of document there is a URL address that includes the words "Referral Form." (ECF No. 56 at 10.) Med-X concludes "[i]n other words, TIF referred (synonymous with "delegated" in this context) the Claim decision-making to Floridian SunMed." (*Id.*) Upon close inspection, that correspondence undermines Mex-X's argument. The correspondence from SunMed to AmeriMed explains that SunMed is the third-party administrator of *IWIA* and there is absolutely no mention of TIF, Cost Containment, or TIF's relationship to SunMed. That the document has the words "Referral Form" in a URL at the bottom of the page is not remotely indicative (let alone dispositive) of an agency relationship between TIF and SunMed.

  Next, even if Med-X had stated a prima facie case of personal jurisdiction and the burden shifted (which it did not), TIF has set forth sufficient evidence of inapplicability of Florida's long-arm statute. TIF advances the affidavit of its Jonathan Phillip, Head of Audit for TIF, who attests that TIF does not have offices in Florida, does not direct advertisement towards Florida, and has never underwritten insurance policies in Florida. (ECF No. 48-1.) In direct reply to Med-Ex's response, TIF submitted a supplemental affidavit to refute Med-Ex's new argument that SunMed was TIF's authorized agent. (ECF No. 60-1.) Phillips states that TIF does not have an agency relationship with SunMed. (*Id.*) TIF retained IWIA to assist in finding adequate medical services for L.H. in Mexico and that it later learned that IWIA retained SunMed as its agent to carry out that task. (*Id.*) Consistent with the allegations in the second amended complaint, Phillips affirms that IWIA was responsible for finding a medical facility in Mexico to treat L.H. and that TIF only authorized IWIA to approve treatment for L.H. and to make a payment for a specific sum. (*Id.*)

  Thus, the burden would shift back to Med-Ex which has not offered any evidence to rebut TIF's evidence or arguments. In a footnote, Med-Ex returns to its original agency theory that TIF was a principal of Cost Containment. Med-X avers that Med-X stipulated with Cost Containment that TIF would be responsible for any liability arising from Cost Containment's communications in this case because "defense counsel has advised that 'Cost Containment Facilities' is actually just a name used by TIF." (ECF No. 56 at 8 n. 8.)

Assuming, without finding, this contention is true, the record is insufficient to establish personal jurisdiction over TIF because it does not connect it or its agent to activities in Florida. Unlike *Nordt*, neither the complaint nor the record evidence indicates that TIF has instructed IWIA (a foreign company), or SunMed, or Cost Containment (a foreign company) to pay claims for medical services tendered in Florida. Accordingly, the Court lacks personal jurisdiction over TIF. *See Fast SRL v. Direct Connection Travel LLC*, No. 17-20900-CIV, 2018 WL 7822711, at *5 (S.D. Fla. Aug. 3, 2018) (Martinez, J.) (declining to exercise personal jurisdiction over foreign defendant because it was not involved in any activity in Florida and distinguishing *Nortdt* because the foreign defendant there provided coverage for treatments in Florida and paid covered providers in Florida).

Moreover, if a basis for specific personal jurisdiction existed under Florida's long-arm statute (it does not), the exercise of personal jurisdiction over TIF would violate due process. "The exercise of personal jurisdiction comports with due process if the non-resident defendant has established certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Atmos Nation*, 2016 WL 1028332, at *5 (quoting *Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010)). The minimum-contacts test for specific jurisdiction has three elements: (1) "the defendant must have contacts related to or giving rise to the plaintiff's cause of action"; (2) "the defendant must, through those contacts, have purposefully availed itself of forum benefits"; and (3) "the defendant's contacts with the forum must be such that it could reasonably anticipate being haled into court there." *Fraser*, at 594 F.3d at 850.

Med-X argues that TIF's contacts with Florida arise out of its relationship with SunMed, which is a Florida company and has an office in Miami. (ECF No. 56 at 8, 11.) "TIF's delegation of Claim decision-making to its Florida agent, SunMed ends the personal jurisdiction analysis in Med-X's favor, even if the subject claim was the only time ever that TIF enlisted…the services of SunMed." (*Id.* at 11.) However, as explained above, the second amended complaint and the evidence in the record do not establish an agency relationship between TIF and SunMed. Thus, the Court will not impute SunMed's activities in Florida to TIF. *Atmos Nation*, 2016 WL 1028332, at *6.

Lastly, Med-X argues that TIF has minimum contacts with Florida or the United States because the travel insurance policy at issue provides coverage "worldwide, including USA Canada, & the Caribbean." (ECF No. 56 at 12-13.) The Court rejects the argument on the grounds that the second amended complaint does not allege that TIF is a party to the insurance policy in this case. The second amended complaint alleges that "The Policy is a contract

between Union and L.H., whereby Union, in exchange from L.H.'s valuable premium payment agreed to provide coverage for medical services." (ECF No. 15 at ¶ 13.) Upon inspection, the insurance policy attached to the second amended complaint identifies Union as the insurer. (ECF No. 15-1.) Med-X does not identify which policy provision it is traveling under to bind TIF to Union's obligations under the policy. Without more, the Court will not exercise its personal jurisdiction over TIF.

### 4. Conclusion

For these reasons, Defendant TIF's motion to dismiss is **granted** and the claims against it are dismissed. **(ECF No. 48.)**

**Done and ordered** at Miami, Florida, on August 24, 2021.

Robert N. Scola, Jr.
United States District Judge