United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Med-X Global, LLC, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 19-20722-Civ-Scola |
| | ) |
| SunMed International, LLC and others, Defendants. | ) |

**Order Denying Motion for Summary Judgment as Premature**

This matter is before the Court on Defendant SunMed International, LLC's ("SunMed") motion for summary judgment. (Mot., ECF No. 72.) Plaintiff Med-X Global ("Med-X") has responded to SunMed's motion (Resp. in Opp'n, ECF No. 79) and SunMed replied. (Reply, ECF No. 83). Having considered the record, the parties' submissions, and the applicable law, the Court **denies** SunMed's motion for summary judgment as premature. (**ECF No. 72**.)

**1.  Background**

L.H., a British citizen, purchased a travel insurance policy from Defendant Union Reiserersucherung Aktiengesellschaft ("Union"), a German company. (Def. SOF, ECF No. 73 at ¶ 2.); (Pl. SOF, ECF No. 87 at ¶ 2.) Union employed Travel Insurance Facilities ("TIF"), a company in the United Kingdom, to act as its underwriter and agent. (Def. SOF, ECF No. 73 at ¶ 3.); (Pl. SOF, ECF No. 87 at ¶ 3.) TIF retained International West Indies Assistance ("IWIA") as its medical assistance company. (Def. SOF, ECF No. 73 at ¶ 4.); (Pl. SOF, ECF No. 87 at ¶ 4.) IWIA employed SunMed as a medical expense management company. (Def. SOF, ECF No. 73 at ¶ 5.); (Pl. SOF, ECF No. 87 at ¶ 5.) Specifically, IWIA retained SunMed to assist in finding an adequate medical facility to provide medical treatment to L.H., to issue a confirmation regarding insurance coverage, and to authorize specific medical treatment L.H. required. (Def. SOF, ECF No. 73 at ¶ 6.); (Pl. SOF, ECF No. 87 at ¶ 6.) The parties hotly dispute whether SunMed acted as the IWIA's disclosed agent or if SunMed had discretion to deny the insurance claim at issue.

Plaintiff Med-X Global, LLC ("Med-X"), a New Jersey limited liability company, is a medical billing agency which services foreign insurance companies by providing medical billing and payment services. (Def. SOF, ECF No. 73 at ¶ 1.); (Pl. SOF, ECF No. 87 at ¶ 1.) Med-X was retained by Amerimed Hospital to provide medical billing and payment services. (Def. SOF, ECF No. 73 at ¶ 1.); (Pl. SOF, ECF No. 87 at ¶ 1.)

In February 2018, L.H.'s health failed while traveling in Mexico. (Def. SOF, ECF No. 73 at ¶ 8.); (Pl. SOF, ECF No. 87 at ¶ 1.) SunMed arranged for L.H.'s hospitalization at Amerimed Hospital in Mexico. (Def. SOF, ECF No. 73 at ¶ 9.); (Pl. SOF, ECF No. 87 at ¶ 9.) During L.H.'s hospitalization, L.H. had to undergo surgery.

Amerimed, through Med-X, submitted a claim for payment of the services rendered to L.H. On February 8, 2018, SunMed issued a guarantee of coverage to Amerimid, noting that "SunMed, Int. is the Third-Party Administrator for IWIA . . . We confirm that the above patient is a carrier of a major medical policy, which includes benefits coverage for medical expenses incurred in a foreign country." (Guarantee of Coverage Letter, ECF No. 79-3.) SunMed also indicated that it would be responsible for processing the insurance claim at issue. (*Id.*) On March 6, 2018, SunMed advised Med-X that it was the insurer's "assistance company," "therefore, payment should be authorized by the main insurance." (March 6, 2018 Correspondence, ECF No. 73-1.) SunMed further advised Med-X that it had not denied the payment to Amerimed but was making the hospital aware of SunMed's concern regarding the high costs of the medical services rendered to L.H. (*Id.*) SunMed subsequently informed Med-X that Cost Containment (TIF's agent) would be handling the claim going forward. (Def. SOF, ECF No. 73 at ¶ 21.) (Pl. SOF, ECF No. 87 at ¶ 21.) Despite SunMed's representations, Mex-X exclusively communicated with SunMed regarding the processing and payment of the claim. (Pl SOF, ECF No. 87 at ¶ 7.); (Loures Aff., ECF No. 79-2.) Ultimately, only a portion of the insured's medical expenses were paid.

Med-X, as Amerimed's billing agent, is now seeking recovery from the Defendants for the full amount billed during L.H.'s stay at Amerimed Hospital. Med-X filed this action against TIF, Cost Containment, and SunMed. (Am. Compl., ECF No. 15.) The Court dismissed Med-X's claims against TIF for lack of personal jurisdiction. (Order, ECF No. 63.) Med-X voluntarily dismissed its claims against Cost Containment and City bond. (Joint Stip. Of Dismissal, ECF Nos. 51, 52.) Thus, only the claims against SunMed remain pending.

SunMed filed its motion for summary judgment approximately five months before the close of discovery. (Mot. for Summary J., ECF No. 72.) In its motion, SunMed argues that summary judgment should be granted in its favor because it was an agent of IWIA and thus, cannot be held liable for the insurer's denial of full coverage. In response, Med-X contends that SunMed did not simply act as IWIA's agent, rather it made discretionary coverage decisions, and that even if it were an agent, SunMed failed to disclose that information to Med-X throughout most of the claims process. (Resp. in Opp'n, ECF No. 79.) Moreover, Med-X urges the Court to deny the motion as premature because

Med-X has not had the opportunity to conduct meaningful discovery as to the relationship between SunMed and IWIA. Indeed, since the filing of the motion, the parties have continued engaging in discovery and have set depositions of key witnesses, including SunMed's corporate representative.

### 2. Analysis

In ruling on summary judgment motions, the Eleventh Circuit has held that "summary judgment may only be decided upon an adequate record." *WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988). Under Rule 56(b), a summary-judgment motion can be filed "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). There is no "blanket prohibition on the granting of summary judgment motions before discovery" has occurred. *Est. of Todashev by Shibly v. United States*, 815 F. App'x 446, 450 (11th Cir. 2020) (citing *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843 (11th Cir. 1989)). However, "summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery." *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (Summary judgment is normally appropriate "after adequate time for discovery.").

Rule 56(d) provides shelter against a premature motion for summary judgment "when facts are unavailable to the nonmovant." Fed. R. Civ. P. 56(d). It qualifies Rule 56(c)'s requirement that the non-moving party establish that a genuine dispute of fact exists in cases "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the district court may defer considering the motion, deny the motion, allow additional time to obtain affidavits or declarations or to conduct discovery, or issue another appropriate order. Fed. R. Civ. P. 56(d). Accordingly, Rule 56 provides a nonmoving party an alternative avenue to stave off the granting of a motion for summary judgment. *Est. of Todashev by Shibly*, 815 F. App'x at 450.

Here, it is undisputed that the parties had not engaged in any discovery prior to the filing of the subject motion—which was filed almost *five months* before the close of discovery. Additionally, Med-X supports its motion with the sworn affidavit of its principal James Loures, Jr. Loures attests that from the time of L.H.'s hospitalization and Med-X's filing of the insurance claim, SunMed held itself out to be the "sole Claim decision-maker in all respects (e.g., hospitalization arrangements, coverage approval/GOC [Guarantee of

Coverage], [and] Claim payment.).'" (Loures Aff., ECF No. 79-2 at ¶ 8.) He further affirms that "at no material time (i.e., at no time during the L.H. hospitalization, other than glossily at the very end of L.H.'s hospitalization, was there any indication . . . to Med-X that Med-X's Claim resolution efforts were to flow through anybody other than SunMed . . ." (*Id.*) In its response in opposition, Mex-X explains that discovery is necessary to learn about SunMed's contractual relationship with IWIA and its scope of authority, as well as to flesh out the claims process and the extent of SunMed's authority and discretion in denial of full coverage. Mex-X contends that such discovery is crucial to this case because SunMed's main affirmative defense and challenge on summary judgment is that it is simply an agent of the insurer and thus cannot be held liable. The Court agrees.

Generally, one who acts in the capacity of an agent for a disclosed principal is not liable for claims arising out of a contract executed by the agent on behalf of that principal. *El Jordan v. Solymar, S. De R.L.*, 315 F. Supp. 2d 1355, 1363 (S.D. Fla. 2004) (Altonaga, J.) (citing *Chung, Yong Il v. Overseas Navigation Co., Ltd.,* 774 F.2d 1043, 1056 (11th Cir.1985)). An agent may however bind itself if it conducts himself in such a way as to indicate an intent to be bound. *Id.* At the heart of the parties' dispute is whether SunMed was IWIA's agent, the scope of its authority, and whether SunMed opened itself up to liability through its actions. *Arch Ins. Co. v. VAS Aero Servs., LLC*, No. 16-80749-CIV, 2017 WL 7731224, at *1 (S.D. Fla. Mar. 13, 2017) (Marra, J.) (denying motion for summary judgment because the nonmovant alleged a reasonable basis from which to infer a genuine issue of material fact and the parties had not engaged in discovery past their initial disclosures). Moreover, if the Court were to grant the motion for summary judgment without the benefit of discovery, it would frustrate Med-X's right to factually investigate its claims and put on its case. *Live Face on Web, LLC v. Drutman*, No. 8:15-CV-1128-T-33MAP, 2015 WL 5996937, at *2 (M.D. Fla. Oct. 14, 2015) (Covington, J.).

SunMed raises arguments that highlight the importance of the outstanding discovery. For example, SunMed claims that its motion for summary judgment should be granted because the complaint alleges that only Union and IWIA, as an insurer third-party agent, were responsible for payment of the claim at issue. However, this argument ignores Med-X's theory of liability that SunMed failed to disclose it was acting on IWIA's behalf or that even if it was an agent, its conduct indicated an intent to be bound to IWIA's obligations. SunMed also argues that the affidavit of Jon Phillips, TIF's principal, shows that there was no agreement between TIF and SunMed. Once again, this overlooks Med-X's theory of SunMed's liability. The Court notes that Med-X has

the heavy burden of showing SunMed's liability as an agent of a third party and summary judgment may very well be entered against Med-X at a later time. Notwithstanding, doing so at this posture is premature and highly prejudicial to Med-X.

For these reasons, the Court **denies** SunMed's motion for summary judgment **(Mot., ECF No. 72)** as premature. SunMed shall be permitted to submit a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 at the close of discovery.

**Done and ordered** at Miami, Florida, on January 26, 2022.

Robert N. Scola, Jr.
United States District Judge