United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Med-X Global, LLC, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-20722-Civ-Scola |
| SunMed International, LLC and others, Defendants. | ) ) ) |

## Order

This matter is before the Court on SunMed Interntational, LLC's ("SunMed") *third* motion for summary judgment. (**ECF No. 122**.) The Court **defers ruling** on the motion for the reasons below.

Plaintiff Med-X Global, LLC ("Med-X") filed this action on February 25, 2019. It completed service over two years later in March 2021 pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. (*See* ECF Nos. 32, 39, 40, 41.)

Following that, Med-X was met with a number of attempts at dismissal and SunMed's first motion for summary judgment. SunMed filed that motion on September 21, 2021, five months *before* the original discovery cutoff deadline. Med-X resisted it on the basis that it had yet to conduct meaningful discovery and the Court agreed, denying SunMed's motion as premature. (ECF No. 97.)[1]

Some time later, following an unsuccessful settlement conference (ECF No. 117), the parties jointly requested that the Court again modify its Scheduling Order to allow them to complete their expert discovery and to pursue settlement negotiations. (ECF No. 118.) The Court granted the request (ECF No. 120), but it appears that it may have done so for naught.

After this extension, Med-X requested from SunMed, among others, materials referenced by SunMed's expert in her deposition testimony, including an "email from IWIA to SunMed with IWIA's request to SunMed 'to look for a provider' relating to L.H. and/or the Claim." (*See* ECF No. 124-1 at 5.) Med-X

---

[1] The Court ruled that SunMed would be allowed to file another motion for summary judgment after the close of discovery. (*Id.*) However, only days after that ruling, SunMed re-filed the same exact motion. (*See* ECF No. 103.) The Court will presume that SunMed re-filed that motion in order to meet the then-impending deadline for the filing of the dispositve motions, which was the subject of a pending extension request. (*See* ECF No. 100.) After the Court granted that request, SunMed withdrew the renewed motion. (ECF No. 108.)

represents to the Court that SunMed's only response to these post-extension discovery requests consisted of "pure objection" and "radio silence." (ECF No. 124 at 4-5.) As a result, Med-X says its expert has not been able to render a usable rebuttal report.

Additionally, Med-X says: "Despite jointly representing to the Court that another scheduling order enlargement was warranted so the parties could continue to discuss settlement, SunMed and its counsel did not respond to one of the several emails counsel sent over an approximate one-and-a-half month period. Rather, the next thing Med-X/undersigned counsel saw/heard from SunMed and its counsel was their July 15, 2022, expert disclosure." (ECF No. 124 at 7.)

Thus, Med-X essentially renews the same argument it raised before: that summary judgment is improper because discovery has not been finalized. Perplexingly, though, Med-X has not once filed a motion to compel the materials it complains that SunMed has failed to produce. It has waited until after the very deadlines it seeks to uphold to bring these matters to the Court's attention.

Tellingly, SunMed does not deny any of Med-X's accusations concerning its dilatory practices. It instead says that the matters Med-X seeks discovery of are unrelated to the arguments presented in its motion. The Court notes that the motion, though, is *again* nothing but a re-filing of the same exact motion that Med-X has twice filed with this Court. (*Compare* ECF Nos. 79, 103, 122.) It appears that SunMed purports to have this Court provide it a way out of discovery by re-filing the same motion for summary judgment until it sticks.

Both parties' lack of diligence has brought them to the unusual posture of repeating dispositive motion practice and wastefully echoing the same arguments before the Court.

It is apparent to the Court that a threshold issue that must be resolved in this matter is the proper scope of discovery. In the interest of judicial economy, the Court will **defer ruling** on SunMed's motion (**ECF No. 122**) until the Court has had an adequate opportunity to consider whether Med-X is entitled to the additional discovery it says it has not received.

To recall from the Court's previous order denying SunMed's motion, there is no "blanket prohibition on the granting of summary judgment motions before discovery" has occurred. *Est. of Todashev by Shibly v. United States*, 815 Fed. App'x 446, 450 (11th Cir. 2020) (citing *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843 (11th Cir. 1989)). However, "summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery." *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (Summary judgment is normally appropriate "after

adequate time for discovery."). Rule 56(d) provides shelter against a premature motion for summary judgment "when facts are unavailable to the nonmovant." Fed. R. Civ. P. 56(d).

Accordingly, the Court **orders** Med-X to file a motion to compel the discovery it seeks **no later than October 24, 2022**. That motion, consistent with the Court's Order Referring Discovery Matters to Magistrate Judge Goodman, will be heard and determined by Judge Goodman. (ECF No. 54.) All deadlines in the Second Amended Scheduling Order (**ECF No. 120**) are **held in abeyance** pending Judge Goodman's determination of the motion. This matter **will no longer be set** for trial during the two-week trial period of December 19, 2022 or calendar call on December 13, 2022.

The Court **orders** the parties to file a joint proposed revised scheduling order within **seven calendar days** of Judge Goodman's ruling on Med-X's motion to compel.

Importantly, the Court notes that this ruling does not purport to adjudicate the merits of SunMed's motion on the basis of Med-X's arguments. Rather, this Order is intended to allow the Court an opportunity to analyze whether Med-X's arguments concerning the status of discovery are meritorious. The Court cautions Med-X that the Court will not again, on its own motion, defer ruling on a motion by SunMed to allow Med-X to file a motion to compel.

**Done and ordered** at Miami, Florida on October 17, 2022.

_____
Robert N. Scola, Jr.
United States District Judge