# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

### CASE NO. 19-20722-CIV-SCOLA/GOODMAN

MED-X GLOBAL, LLC,

    Plaintiff,

v.

SUNMED INTERNATIONAL, LLC, and others,

    Defendants.

_____/

### ORDER ON PLAINTIFF'S RULE 37 MOTION TO DISMISS/ MOTION TO STRIKE/MOTION FOR DEFAULT JUDGMENT; ALTERNATIVELY, MOTION TO COMPEL

In this breach of contract case, Plaintiff Med-X Global, LLC ("Plaintiff" or "Med-X") filed a self-styled "Rule 37 Motion to Dismiss/Motion to Strike/Motion for Default Judgment; Alternatively, Motion to Compel." [ECF No. 130]. Defendant Sunmed International, LLC ("Defendant" or "Sunmed") filed a response [ECF No. 132] and Med-X filed an optional reply [ECF No. 133].

United States District Judge Robert N. Scola referred to the Undersigned Plaintiff's motion for either an Order or a Report and Recommendations, stating, "[i]f Judge Goodman's determination results in dispositive sanctions, a report and recommendations would be appropriate; if the determination results in non-dispositive

sanctions, an order can be entered." [ECF No. 131]. As explained below, the Undersigned **grants in part** and **denies in part** Plaintiff's motion. And, because the ruling **denies** Plaintiff's request for case-dispositive sanctions, the Undersigned is issuing an Order (as opposed to a Report and Recommendations).

Before turning to the merits of Plaintiff's requests for relief, the Undersigned writes to address the format of Plaintiff's 21-page motion. First, Plaintiff's motion violates the Local Rule's proscription that motions not exceed twenty pages. *See* S.D. Fla. L.R. 7.1 (c)(2). Although the title page and signature page may be excluded from the page limitation, this may occur only "[a]s long as no substantive part of the submission appears on the same page." *Id.* Plaintiff's motion contains substantive argument on both the first and the final page. But the page violation is based on more than that.

Plaintiff has also extended the amount of content contained in its motion through the use of inappropriate footnotes. Plaintiff's use of footnotes is inappropriate based on the number of footnotes, the length of the footnotes, and the content of the footnotes. Plaintiff's 21-page motion includes eleven footnotes. Two of Plaintiff's footnotes are at least a half-page in length and one of Plaintiff's footnotes is single-spaced and nearly two-and-a-half pages in length (which means that two entire pages of Plaintiff's motion contain only footnote text). This also means that the two and a half pages of inappropriately used single-line spacing would have been several additional pages of double-spaced or one-and-one-half-spaced text.

This method of brief-writing is inappropriate because it serves to circumvent the Local Rules' requirement that motions not exceed 20 pages. Motions filed in this District must use no smaller than twelve-point font and shall not have less than one and one-half spaces between lines. *See* S.D. Fla. L.R. 5.1(a)(4). Plaintiff's use of footnotes circumvents the spacing requirement by removing the spacing between the lines. For example, the ninth page of Plaintiff's motion (which includes no footnotes) contains 31 lines of argument. In comparison, the sixth page of Plaintiff's motion (which is entirely a footnote) contains 44 lines of argument. Thus, for each page of footnotes, Plaintiff was able to increase the number of sentences it could write by approximately 33 percent. Given Plaintiff's ample use of single-spaced footnotes, this substantially increased the amount it was able to squeeze into 21 pages.

Finally, "addressing legal arguments in footnotes is an incorrect method to present substantive arguments on the merits or otherwise request relief from the Court." *Sony Music Ent. v. Vital Pharms., Inc.*, No. 21-22825-CIV, 2022 WL 4771858, at *13 (S.D. Fla. Sept. 14, 2022). Much of the substance concerning Plaintiff's description of Defendant's purported discovery response shortcomings is contained in footnotes, rather than in the body of its motion.

The Undersigned next addresses another aspect of Plaintiff's motion: the unreasonably long sentences which undermine the reader's comprehension. The opening sentence is fourteen lines long, and it is the only sentence in the body of the first page.

Page 5 contains a continued footnote (starting on page 4) with a sentence running eight single-spaced lines of text (starting with "Another example"). On page 6, in an argument which is part of the multi-page footnote, there is a sentence (beginning with "While putting into action"), in single-spaced format, which takes up 14 lines. There is an 11-line sentence which starts at the top of page 5 and ends near the middle of page 8. Given that all of pages 6 and 7 are consumed with a massive, single-spaced footnote, it is difficult to follow the thread of one sentence which jumps two pages before it ends.

The Undersigned will now address the *phrasing and rhetoric* in the motion: unduly strident. The first page trumpets the allegation (in a footnote) that "[Plaintiff's counsel] does not recall another instance throughout his career where (as here) a party's failure to defend/recalcitrance in advancing a case towards resolution on the merits has rendered impossible his prosecution of a case to conclusion." This introductory missive set the tone (i.e., aggressive and accusatory) for the entire submission. Repeatedly alleging that defense counsel engaged in misconduct and maneuvering and gamesmanship may reflect the actual belief of Plaintiff's counsel but it is not particularly helpful to the Undersigned's assessment of the actual discovery issues.

Having addressed Plaintiff's procedural missteps, the Undersigned will turn to the merits of Plaintiff's requests.

1. Motion for Sanctions

First, Plaintiff requests that the Court either dismiss Defendant's affirmative

defenses, strike its Answer and Affirmative Defenses, or enter default judgment in Plaintiff's favor. Plaintiff basis this request on Federal Rule of Civil Procedure 37, which permits the Court to sanction a party for not obeying a discovery order. *See* Fed. R. Civ. P. 37(b)(2)(A). Plaintiff says that Defendant violated the Court's Scheduling Orders, which Plaintiff argues qualify as Rule 26(f) discovery orders, subject to Rule 37's list of potential sanctions.

Plaintiff's motion accuses Defendant of perpetually delaying this case by not accounting for attorney turn-over within its defense counsel's firm, not timely responding to emails, continually filing premature summary judgment motions, failing to timely respond to discovery, interposing frivolous objections, and myriad other actions which have impeded Plaintiff's ability to prosecute this case. Plaintiff's allegations, while provocative and concerning, are insufficient to warrant case-dispositive sanctions.

As a basic, preliminary matter, although Plaintiff accuses Defendant of violating court Orders and refers to the Court's Scheduling Orders, it never actually cites to or quotes the specific court Order that Defendant's conduct supposedly violated.

Second, and more importantly, even though "Rule 37, on its face, does not require that a court formally issue an order compelling discovery before sanctions are authorized," the Eleventh Circuit has held that "sanctions as draconian as [the entry of a default judgment] for discovery violations under Rule 37 must be preceded by an order of the court compelling discovery, the violation of which might authorize such

sanctions." *United States v. Certain Real Prop. Located at Route 1*, 126 F.3d 1314, 1317-18 (11th Cir. 1997).

Despite all of the discovery hurdles that Plaintiff accuses Defendant of placing in its path, it has never previously filed a motion to compel. And, because there has never previously been a motion to compel, there has also never been a court order compelling discovery, as is required for the sanctions Plaintiff seeks. Accordingly, the Undersigned **denies** Plaintiff's request for sanctions.

2. Motion to Compel

As alternative relief, Plaintiff asks that the Court compel Defendant to provide all outstanding discovery. Plaintiff's motion describes two discrete sets of discovery requests. First, Plaintiff seeks an Order compelling Defendant to provide discovery responses to Plaintiff's "August 19, 2022, Expert Request for Production" and "August 19, 2022 'Boecher' Interrogatories" (collectively, "Expert Discovery Request"). Plaintiff says that Defendant has completely failed to respond to this discovery. Second, Plaintiff seeks an Order overruling Defendant's objections and compelling Defendant to provide responses to Plaintiff's Second Request for Production.

Defendant's response fails to address Plaintiff's arguments concerning the Expert Discovery Request. This alone is sufficient grounds to grant this aspect of Plaintiff's motion. *Legg v. Voice Media Grp., Inc.*, No. 13-62044-CIV-COHN, 2014 WL 1767097, at *6 n.5 (S.D. Fla. May 2, 2014) (Legg's failure to respond to VMG's argument provides an

6

independently sufficient ground to grant this aspect of the [m]otion by default. (citing S.D. Fla. L.R. 7.1(c))). Moreover, the Undersigned has reviewed Plaintiff's Expert Discovery Request and finds no objectionable material is requested.

In support of its motion to compel documents responsive to its Second Request for Production, Plaintiff argues that Defendant raised numerous impermissible boilerplate objections, failed to indicate whether there were any responsive documents to certain requests, and did not sufficiently identify which previously provided documents were responsive to which requests. In response, Defendant says only that it has not withheld any documents based on its raised objections.

In effect, Defendant has addressed only one of the issues raised by Plaintiff's motion and ignored the other complaints about its discovery responses. As Plaintiff notes in its initial motion, when Defendant refers generally to previously produced documents as responsive to a discovery request asking for documents that an individual relied upon, that response fails to identify **which** of the documents were actually relied upon by the subject individual.

Further, although Defendant claims in its unsworn submission that there are no responsive documents, it has not provided that information in a formal discovery response. Thus, the Undersigned **grants** Plaintiff's Motion to Compel in the following manner:

1. By December 15, 2022, Defendant shall provide all documents responsive to

        Plaintiff's August 19, 2022 Expert Request for Production;

2. By December 15, 2022, Defendant shall fully answer all interrogatories in Plaintiff's August 19, 2022 Boecher Interrogatories;

3. Defendant's objections to Plaintiff's Second Request for Production are overruled. By December 15, 2022, Defendant shall provide all documents responsive to Plaintiff's Second Request for Production. If there are no documents responsive to a request, then Defendant shall so state in an Amended Response. If the responsive documents were previously produced, then Defendant shall amend its response to identify with specificity those documents on a request-by-request basis.

Failure by Defendant to produce all responsive discovery within the time limit set by this Order could result in Rule 37 sanctions, including striking affirmative defenses, striking pleadings, or entering a default judgment in Plaintiff's favor.

Additionally, due to the myriad discovery issues in this case, the parties are ordered to meaningfully meet and confer within one week of Defendant's full discovery responses (i.e., by December 22, 2022). This meet and confer shall occur either in person or via videoconferencing. Neither email exchanges, phone calls, nor any other form of meeting that does not allow a face-to-face visual interaction will be sufficient.

Within five days of that meet and confer, the parties shall file a joint notice advising the Court of what discovery remains outstanding and whether there are any remaining

8

discovery disputes. This notice is in addition to the notice required by Judge Scola's referral Order [ECF No. 129].

Although Defendant is not *exclusively* to blame for the discovery posture of this case (i.e., Plaintiff should have been more diligent in seeking a motion to compel), many of the issues are due to actions (or inactions) by Defendant and its counsel. As noted by Judge Scola, Defendant has not denied the allegations levied by Plaintiff. *Id.* at 2 ("Tellingly, SunMed does not deny any of Med-X's accusations concerning its dilatory practices."). Therefore, by December 14, 2022, Defendant and its counsel, Edward Nicklaus, shall each pay Plaintiff $750.00 (for a total of $1,500.00). Mr. Nicklaus' portion is to be paid by him personally (i.e., he may not expense or otherwise shift the cost to his client).

This $1,500.00 award is not an adverse disciplinary finding and is not a sanction against Defendant or its counsel. Instead, it is a Rule 37(a)(5) fee-shifting, cost-shifting mechanism, generated by Defendant's counsel's untimely handling of his discovery obligations. Thus, this Order would not require Defendant's counsel to answer "yes" if asked (e.g., by a judicial nominating commission, by a prospective client, by an insurance carrier, by a prospective employer, etc.) whether a Court has ever sanctioned or disciplined him or his law firm.

Within three days of making payment, both Mr. Nicklaus and a representative of Defendant shall each submit (i.e., not file on CM/ECF) to my efile inbox

9

(goodman@flsd.uscourts.gov) a declaration or affidavit confirming that each $750.00 payment has been made.

If any party or counsel objects to either the entry of the expense award or its amount (or both), then they may file an appropriate motion and the Undersigned will require the production of time records from both Mr. Nicklaus and Mr. Greyber (Plaintiff's counsel) and then hold a hearing.

**DONE AND ORDERED** in Chambers, at Miami, Florida, on December 7, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All counsel of record